RE: REAL ESTATE COMMISSION APPOINTEE
I HAVE RECEIVED YOUR LETTER DATED (APPROXIMATELY) FEBRUARY 1, 1988, IN WHICH YOU INQUIRED WHETHER A REPRESENTATIVE FROM A STATE UNIVERSITY (I.E., THE UNIVERSITY OF OKLAHOMA), IS ELIGIBLE TO FILL THE POSITION ON THE REAL ESTATE COMMISSION FOR A MEMBER WHO IS "A REPRESENTATIVE OF A SCHOOL OF REAL ESTATE LOCATED WITHIN THE STATE OF OKLAHOMA AND APPOINTED BY THE COMMISSION."
IN 1974 THE LEGISLATURE ENACTED THE OKLAHOMA REAL ESTATE LICENSE CODE, WHICH IS FOUND IN TITLE 59 O.S. 858-101 (1987), ET SEQ. INITIALLY, THE OKLAHOMA REAL ESTATE COMMISSION CONSISTED OF FIVE MEMBERS WHO WERE REQUIRED TO BE UNITED STATES CITIZENS AND RESIDENTS OF OKLAHOMA FOR AT LEAST THREE YEARS PRIOR TO THEIR APPOINTMENT, AND THREE MEMBERS WERE REQUIRED TO HAVE AT LEAST FIVE YEARS' ACTIVE EXPERIENCE AS REAL ESTATE BROKERS PRIOR TO THEIR APPOINTMENT, PURSUANT TO 59 O.S. 858-201 (1974). HOWEVER, 59 O.S. 858-201 WAS AMENDED IN 1982 TO PROVIDE, IN PERTINENT PART, AS FOLLOWS:
 "ALL MEMBERS OF THE COMMISSION SHALL BE CITIZENS OF THE UNITED STATES AND SHALL HAVE BEEN RESIDENTS OF THE STATE OF OKLAHOMA FOR AT LEAST THREE (3) YEARS PRIOR TO THEIR APPOINTMENT, AND FIVE BROKERS AND SHALL HAVE HAD AT LEAST FIVE (5) YEARS' ACTIVE EXPERIENCE AS REAL ESTATE BROKERS PRIOR TO THEIR APPOINTMENT, ONE MEMBER SHALL BE A LAY PERSON NOT IN THE REAL ESTATE BUSINESS, AND ONE MEMBER SHALL BE A REPRESENTATIVE OF A SCHOOL OF REAL ESTATE LOCATED WITHIN THE STATE OF OKLAHOMA AND APPROVED BY THE COMMISSION. . . ."
(EMPHASIS ADDED.)
NEITHER A "REAL ESTATE SCHOOL" NOR A "SCHOOL OF REAL ESTATE" IS DEFINED IN EITHER THE STATUTES REGULATING THE REAL ESTATE COMMISSION OR IN THE COMMISSION'S OWN RULES. THE ISSUE, THEN, BECOMES WHETHER A STATE UNIVERSITY SUCH AS THE UNIVERSITY OF OKLAHOMA FALLS WITHIN THE MEANING A "SCHOOL OF REAL ESTATE LOCATED WITHIN THE STATE OF OKLAHOMA AND APPROVED BY THE COMMISSION," FOR PURPOSES OF MEMBERSHIP ON THE REAL ESTATE COMMISSION.
IN MY OPINION, A STATE UNIVERSITY DOES NOT FALL WITHIN THE MEANING OF A "SCHOOL OF REAL ESTATE . . . APPROVED BY THE COMMISSION" IN 59 O.S. 858-201 (1987). THE CARDINAL RULE FOR CONSTRUCTION OF STATUTES IS TO ASCERTAIN THE INTENTION OF THE LEGISLATURE BY CONSIDERATION OF STATUTORY LANGUAGE, WALKER V. ST. LOUIS — SAN FRANCISCO RY. CO., 671 P.2D 672 (OKLA. 1983). IN ASCERTAINING LEGISLATIVE INTENT, THE LANGUAGE OF THE ENTIRE ACT SHOULD BE CONSTRUED WITH REASONABLE AND SENSIBLE CONSTRUCTION, UDALL V. UDALL, 613 P.2D 742 (OKLA. 1980). THEREFORE, THE LANGUAGE IN 59 O.S. 858-201 RELATING TO "A SCHOOL OF REAL ESTATE . . . APPROVED BY THE COMMISSION" SHOULD BE CONSTRUED WITH REASONABLE AND SENSIBLE CONSTRUCTION.
THE REAL ESTATE COMMISSION HAS NO AUTHORITY TO SPECIFY REQUIREMENTS OF REAL ESTATE COURSES OFFERED BY INSTITUTIONS OF HIGHER EDUCATION. INSTITUTIONS OF HIGHER EDUCATION IN THE STATE OF OKLAHOMA ARE REGULATED BY AND COME UNDER THE GENERAL JURISDICTION OF THE OKLAHOMA STATE REGENTS FOR HIGHER EDUCATION, PURSUANT TO ARTICLE XIII-A OF THE OKLAHOMA CONSTITUTION. AS TO ITS DAILY OPERATION, THE UNIVERSITY OF OKLAHOMA IS UNDER THE FURTHER JURISDICTION OF THE BOARD OF REGENTS OF THE UNIVERSITY OF OKLAHOMA, PURSUANT TO ARTICLE XIIIA, SECTION 8 OF THE OKLAHOMA CONSTITUTION.
EVEN IF THE OKLAHOMA STATE REGENTS FOR HIGHER EDUCATION AND HAVE EXCLUSIVE JURISDICTION OVER THE UNIVERSITY OF OKLAHOMA, IT WOULD NOT BE A "SCHOOL OF REAL ESTATE . . . APPROVED BY THE REAL ESTATE COMMISSION" BECAUSE ITS OFFERED COUR SES DO NOT MEET THE SPECIFIC REQUIREMENTS ESTABLISHED IN COMMISSION RULES 102.1 AND 102.2.
PURSUANT TO 59 O.S. 858-208(10), THE OKLAHOMA REAL ESTATE COMMISSION HAS THE POWER AND DUTY "TO PROMULGATE RULES AND REGULATIONS GOVERNING THE APPROVAL OF ORGANIZATIONS OFFERING COURSES OF STUDY IN REAL ESTATE."
THE COMMISSION HAS PROMULGATED RULE 102.1 WHICH SPECIFIES THE REQUIREMENTS FOR ANY PERSON OR GROUP SEEKING TO CONDUCT A COURSE OF STUDY WHICH CAN BE APPROVED BY THE COMMISSION. APPROVAL AS A REAL ESTATE SCHOOL WILL NOT BE GIVEN UNLESS:
 "1. THE REQUESTOR SUBMITS "SUCH DOCUMENTS, STATEMENTS AND FORMS AS MAY REASONABLY BE REQUIRED BY THE COMMISSION RELATED TO THE QUALIFICATIONS OF INSTRUCTORS, THE TEXT(S), CONTENT AND APPROACH RELATING TO THE PROPOSED COURSE OF STUDY," INCLUDING A COURSE SYLLABUS AND A RECORD OF EACH STUDENT AS TO ATTENDANCE AND THE NUMBER OF HOURS COMPLETED;
 2. THE MAXIMUM NUMBER OF HOURS DOES NOT EXCEED SIX (6) HOURS PER CALENDAR DAY OR EIGHTEEN (18) HOURS PER WEEK;
 3. THE STUDENT/INSTRUCTOR RATIO DOES NOT EXCEED 60 TO 1; AND
 4. THE INSTRUCTORS ATTEND A REFRESHER COURSE EVERY TWENTY FOUR (24) MONTHS."
IN ADDITION, THE COMMISSION HAS PROMULGATED RULE 102.2 WHICH SPECIFIES ADDITIONAL REQUIREMENTS IN ORDER FOR AN ENTITY TO CONDUCT CONTINUING EDUCATION COURSES WHICH ARE APPROVED BY THE COMMISSION.
IT SHOULD BE NOTED THAT THE REAL ESTATE COMMISSION IS REQUIRED TO ACCEPT CERTIFIED TRANSCRIPTS FROM INSTITUTIONS OF HIGHER EDUCATION AS EVIDENCE THAT A CANDIDATE FOR LICENSURE HAS SUCCESSFULLY COMPLETED THE BASIC AND ADVANCED REAL ESTATE COURSES REQUIRED BY THE COMMISSION, PURSUANT TO 59 O.S. 859-304. IN ADDITION, THE COMMISSION MUST PUBLISH A LIST OF THE INSTITUTIONS AND ASSOCIATES AND THE COURSES OFFERED BY THEM IN THIS STATE WHICH ARE APPROVED BY THE COMMISSION, PURSUANT TO 59 O.S. 848-307.2(B)(2). ACCORDING TO THE OKLAHOMA REAL ESTATE COMMISSION COMMENT, VOLUM 22 RTO 2, THE APPROVED COURSES FOR CONTINUING EDUCATION, AS OF DECEMBER 10, 1987, INCLUDE COURSES OFFERED BY NUMEROUS INSTITUTIONS OF HIGHER EDUCATION LOCATED IN OKLAHOMA, INCLUDING THE UNIVERSITY OF OKLAHOMA.
FROM THE FOREGOING, IT CAN BE ARGUED THAT INSTITUTIONS OF HIGHER EDUCATION ARE DEEMED BY THE LEGISLATURE TO BE REAL ESTATE SCHOOLS APPROVED BY THE REAL ESTATE COMMISSION; HOWEVER, I DO NOT BELIEVE THAT THE LEGISLATURE INTENDED SUCH A RESULT. A BETTER INTERPRETATION IS THAT THE REAL ESTATE COMMISSION'S ACCEPTANCE OF CERTIFIED TRANSCRIPTS FROM INSTITUTIONS OF HIGHER EDUCATION IS EVIDENCE THAT AN APPLICANT FOR LICENSURE HAS SUCCESSFULLY COMPLETED A REAL ESTATE COURSE WHICH MEETS THE COMMISSION'S REQUIREMENTS; HOWEVER, THE COMMISSION'S ACCEPTANCE OF SUCH A TRANSCRIPT IS NOT EQUIVALENT TO "APPROVING" THAT PARTICULAR INSTITUTION AS A REAL ESTATE SCHOOL, BECAUSE THE COMMISSION LACKS JURISDICTION TO APPROVE REAL ESTATE COURSES OFFERED BY INSTITUTIONS OF HIGHER EDUCATION.
STATUTES MUST BE INTERPRETED TO RENDER EVERY WORD AND SENTENCE OPERATIVE, RATHER THAN IN A MANNER WHICH WOULD RENDER A SPECIFIC STATUTORY PROVISION NUGATORY; MATTER OF REQUEST OF HAMM PRODUCTION CO. FOR AN EXTENSION OF TIME IN WHICH TO PROTEST PROPOSED GROSS PRODUCTION TAX ASSESSMENTS ISSUED ON JULY 1, 1981, 671 P.2D 50 (OKLA. 1983). IF THE LEGISLATURE HAD INTENDED ONE MEMBER OF THE REAL ESTATE COMMISSION TO BE A REPRESENTATIVE OF AN INSTITUTION OF HIGHER EDUCATION, THEN THE WORDS "REAL ESTATE SCHOOL" WOULD NOT HAVE BEEN FOLLOWED BY THE WORDS "APPROVED BY THE COMMISSION" IN 59 O.S. 858-201 (1981).
IT IS, THEREFORE, MY OPINION THAT A STATE UNIVERSITY DOES NOT FALL WITHIN THE MEANING OF A "SCHOOL OF REAL ESTATE LOCATED WITHIN THE STATE OF OKLAHOMA AND APPROVED BY THE REAL ESTATE COMMISSION," IN 59 O.S. 858-201. CONSEQUENTLY, THE MEMBER OF THE REAL ESTATE COMMISSION REQUIRED TO BE A REPRESENTATIVE OF A "SCHOOL OF REAL ESTATE LOCATED WITHIN THE STATE OF OKLAHOMA AND APPROVED BY THE COMMISSION," SHOULD BE A REPRESENTATIVE OF A REAL ESTATE SCHOOL OVER WHICH THE REAL ESTATE COMMISSION HAS JURISDICTION, WHICH WOULD EXCLUDE STATE UNIVERSITIES AND OTHER INSTITUTIONS OF HIGHER EDUCATION WHICH ARE UNDER THE JURISDICTION OF A BOARD OF REGENTS.
PLEASE NOTE THAT THIS LETTER IS THE INFORMAL OPINION OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL AND -SHOULD NO MANNER BE CONSTRUED AS THE OFFICIAL OPINION OF THE ATTORNEY GENERAL CONCERNING THIS MATTER.
(KATHLYN A. RHODES)